RECEIVED
IN A/ EXCI IDPIA, LA

DEC 1 3 2010



TONY R./ /C//, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ALLEN DAVIDSON (#110036)          DOCKET NO. 10-CV-1458; SEC. P

VERSUS                            JUDGE DEE D. DRELL

TIM WILKINSON, ET AL.             MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's pro se civil rights complaint filed in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate currently housed at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff complains that he received inadequate medical care for a persistent skin rash. Plaintiff named as defendants Warden Wilkinson, Medical Director Pat Thomas, Warden George Stephens, Dr. Pacheco, and the Louisiana Department of Corrections. Plaintiff seeks $10,000,000 in compensatory damages and an order that Defendants take him to see a dermatologist.

### Facts Alleged

Plaintiff alleges that he has had a rash covering his whole body for approximately one and a half years. He has made approximately fifteen sick calls, and he has been prescribed special soaps, deodorants, and skin creams. Plaintiff claims that none of the treatments have been successful, and he asks that the Court award him ten million dollars and order that he be seen by a dermatologist.

### Law and Analysis

First, Petitioner names as defendants, in addition to the physician, the wardens, medical director, and Department of Corrections. The Louisiana Department of Public Safety and Corrections is immune from suit under the Eleventh Amendment.[1] The wardens and medical director are supervisory officials who may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries.[2] "Personal involvement is an essential element of a civil rights cause of action."[3] Plaintiff has failed to allege either personal involvement or the implementation of unconstitutional policies by Wilkinson, Stephens, or Thomas.

Next, to state a claim under 42 U.S.C. §1983, Plaintiff must allege that he was denied adequate medical care in violation of the Eighth Amendment to the United States Constitution. Although the Eighth Amendment does not, by its precise words, mandate a certain level of medical care for prisoners, the Supreme Court has interpreted it as imposing a duty on prison officials to ensure

---

[1]  See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999)(per curiam).

[2] See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to §1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).

[3] Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), cert. denied, 464 U.S. 897 (1983).

that inmates receive adequate medical care.[4]  "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'"[5]

The Eighth Amendment deliberate-indifference standard has both an objective and subjective component.[6]  The Fifth Circuit has stated that the deliberate indifference standard is an "extremely high" one to meet.[7]  **A prison official acts with deliberate indifference 'only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it.'"[8]**  Plaintiff does not allege that his complaints were ignored or that the doctor failed to take reasonable measures to treat him.  He admits that he was prescribed special soaps, deodorants, and skin creams at fifteen sick call visits during a period of approximately eighteen months.  The physician did not act "indifferently" because he

---

[4] See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).

[5] Easter, 467 F.3d at 463 (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991) (quoting Estelle v. Gamble, 429 U.S. 97 (1976)).

[6] See Farmer, 511 U.S. at 834.

[7] Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

[8] Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (quoting Farmer, 511 U.S. at 847) (emphasis added).

3

provided frequent and reasonable treatment, albeit not completely successful. Legitimate treatment is sufficient to satisfy the reasonable medical care standard, even if the treatment is ultimately unsuccessful.[9] The Fifth Circuit Court of Appeals has clearly stated that **unsuccessful medical treatment**, acts of negligence, neglect, or medical malpractice are **insufficient** to give rise to a 42 U.S.C. §1983 cause of action.[10]   Likewise, a prisoner's disagreement with his medical treatment is not actionable under §1983 absent exceptional circumstances.[11]

The constitution does not guarantee the same type of medical care that one might choose if he were not in prison.  In fact, a prisoner is not entitled to medical treatment or therapy equivalent to that provided by Medicaid or Medicare.[12] Moreover, the Plaintiff has no constitutional right to the "best" medical treatment available.[13]

As for Plaintiff's request for injunctive relief, he must show (1) a substantial likelihood that he will prevail on the merits,

---

[9]See Williams v. Chief of Medical Operations, Tarrant County Jail 44 F.3d 1004 (5th Cir. 1994)(citing Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

[10]See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

[11]Varnado 920 F.2d at 321; Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).

[12]Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982).

[13]McMahon v. Beard, 583 F.2d 172, 174 (5th Cir.1978).

4

(2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.[14]   Plaintiff cannot show a substantial likelihood that he will prevail on the merits, as he fails to state an underlying claim for which relief can be granted.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

---

[14]See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.   <u>See</u> <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 13th day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE